IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HOUSTON E. HEDGES, III, PRO SE, | § | |
| TDCJ-CID No. 1573858, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0101 |
| | § | |
| CHRISTINE M. HAGAN, CO IV, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court for consideration is defendant's Motion for Summary Judgment filed January 12, 2011 in the above-referenced and numbered cause. Plaintiff filed his response on April 18, 2011.

Plaintiff filed his original complaint on May 5, 2010 and signed it under penalty of perjury. Plaintiff filed an amended complaint on June 3, 2010, which was not signed under penalty of perjury. Both are read together as forming plaintiff's complaint in this cause.

Plaintiff claims defendant HAGAN showed deliberate indifference to his serious medical need on August 23, 2009 when plaintiff went to the infirmary to have a cyst examined. When the nurse said to send plaintiff back so she could examine him, he says defendant HAGAN told the nurse that he could wait until Monday, the 24th, to see Mrs. Fisk, the physician's assistant at the unit. Plaintiff alleges HAGAN had him sent back to his cell, where the cyst ruptured an hour later, causing him severe pain. Plaintiff says a Lt. Joslyn told him to report back to the infirmary and a Nurse Wilson cleaned the area and set an appointment for plaintiff to see P.A. Fisk the next day. Plaintiff says the next day P.A. Fisk told him the cyst had to be surgically removed.

By his unsworn amended complaint, plaintiff alleges defendant's actions caused him to have two surgeries on the cyst and that he was told by two different doctors that, if it had become infected, he would have been paralyzed from the waist down due to its proximity to his spine and spinal fluid.

Plaintiff requests an award of $50,000.00 in compensatory damages and $50,000.00 in punitive damages, along with costs.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant contends (1) plaintiff has not exhausted administrative grievances and, therefore, his claim is barred in accord with Title 42, United States Code, section 1997e(a); (2) plaintiff has failed to state a claim of deliberate indifference against the defendant; and (3) plaintiff has failed to overcome the defendant's entitlement to qualified immunity.

## THE STANDARD OF SUMMARY JUDGMENT REVIEW

Summary judgment may be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202 (1986). A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552. A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. If there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, then the motion for judgment as a matter of law should be denied. *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

## THE STANDARD OF SUMMARY JUDGMENT REVIEW
## UPON A PLEA OF QUALIFIED IMMUNITY

Since qualified immunity depends on whether the defendant violated a clearly established constitutional right, a preliminary inquiry must be made whether the plaintiff has asserted a violation of any constitutional right at all. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Analysis at this stage is performed under the "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993). The second prong of the qualified immunity test is whether the constitutional right alleged to have been violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of contemporaneous clearly-established law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (1998). Although analysis under the first prong requires the court to consider currently applicable constitutional standards, analysis under the second prong requires a court to measure the objective reasonableness of an official's conduct with reference to the law as it existed at the time of the conduct in question. *Id*. (citing *Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993).

In deciding which of the two prongs to address first, the court may utilize its sound discretion in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Although it may be "difficult to imagine factual circumstances in which a trier of fact could find deliberate indifference as defined by *Farmer*[1] and nevertheless conclude that a reasonable person in defendant's position was not chargeable with knowledge that his or her actions violated the plaintiff's clearly established constitutional rights," in analyzing a claim of qualified immunity, the test is objective reasonableness, not subjective deliberate indifference. *Hare v. City of Corinth*, 135 F.3d 320, 328 (5th Cir. 1998)(quoting *Briecke v. Coughlin*, No. 92-CV-1211, 1994 WL 705328 at 6 (N.D.N.Y.Dec. 16, 1994). Consequently, at the qualified immunity stage, the deliberate indifference standard only allows an examination of whether, under the standard not to be deliberately indifferent, the acts or omissions of the defendant were objectively unreasonable as a matter of law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (5th Cir. 1998).

## THE LAW AND ANALYSIS

## OFFICIAL CAPACITY

To the extent plaintiff is suing defendant in her official capacity, the only relief he has requested is monetary damages. Any claim for monetary relief against defendant in her official capacity is barred by the Eleventh Amendment. A suit against an official in his or her official capacity is actually a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992). The Eleventh

---

[1] Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

Amendment bars suit against a state or a state official unless the State has waived its immunity[2]. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). Because there has been no waiver of sovereign immunity with respect to plaintiff's claim against defendant in her official capacity, it is barred by the Eleventh Amendment and must be dismissed without prejudice for want of jurisdiction. *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[A]n inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The purposes of the exhaustion requirement are to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368 (2006)(quoting *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)).

---

[2]An exception to this general principle was created in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which the Supreme Court held that a suit for prospective injunctive relief, challenging the constitutionality of a state official's action in enforcing state law, is not one against the State. *Id*., at 159-160, 28 S.Ct., at 453-54. *See, also, Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)(the Eleventh Amendment grants the States an immunity from retroactive monetary relief, but state officers are not immune from prospective injunctive relief). However, the relief requested in this cause is purely monetary and, thus, the *Young* exception does not apply.

The PLRA exhaustion requirement requires proper exhaustion in compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In the wake of *Ngo*, the continued validity of cases which excused exhaustion of administrative remedies on the basis of waiver, estoppel, and futility is questionable. Nevertheless, the *Ngo* court expressly noted it was not addressing a situation where prison officials deliberately devised procedural requirements designed to trap and defeat the claims of unwary prisoners. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2392-93, 165 L.Ed.2d 368 (2006).

Defendant presents plaintiff's grievance records for the relevant time period and argues there is only a single Step 1 grievance concerning the incident under consideration and that Step 1 grievance was not properly submitted.

By his April 18, 2011 "Motion to Deny Summary Judgment," which the Court construes as plaintiff's response, plaintiff does not address this or any other argument presented by defendant. Instead, he simply states he comes before the Court asking that summary judgment be denied on the grounds that plaintiff has proven beyond a reasonable doubt the defendant is clearly in violation of the 8th Amendments [sic] right . . . . [a]lso the defendant is in violation of 3 felonies."

The Court notes plaintiff pled, on page IV of the attachment to his May 5, 2010 complaint, as follows:

> Plaintiff . . . used the prison grievance procedure available . . . to try and resolve the problem on Step #1 grievance August 25, 2009and Step #2 grievance Spt. 4, 2009 and a letter to the Office of Inspector General on Spt. 16, 2009.

Plaintiff attached to his May 5, 2010 complaint a copy of an Interoffice Communication from the Office of Inspector General dated September 16, 2009 which states an OIG Investigation will not be conducted and that his correspondence was being returned for his records and disposition.

Defendant has presented a Business Records Affidavit certifying the attached grievance records for the period of August 2009 to July 1, 2010. Attached is a single Step1 grievance signed by plaintiff on August 25, 2009 and returned on August 26, 2009. The grievance was not processed but was "screened", *i.e.*, refused on the ground that it was not properly filled out. The relief plaintiff requested was that defendant HAGAN be removed from her duties at the unit. There is no Step 2 grievance. No other Step1 grievance and no further Step 2 grievance accompanies the Business Records Affidavit. See Defendant's Exhibit A to Defendant's Motion for Summary Judgment.

In the Fifth Circuit, a "strict approach" is taken to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368 (2006). In Texas, an inmate is required to follow the two-step grievance process to exhaust administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Plaintiff's letter to the Office of Inspector General is not a substitute for a Step 2 Grievance. In fact, judging by the Step 1 grievance submitted by defendants, plaintiff could not have submitted a Step 2 grievance that would have been accepted

for processing because it would have to be accompanied by a Step 1 that had been accepted for processing, not one that was screened as plaintiff's was. Plaintiff has presented no evidence that he ever submitted another, properly-completed Step 1 grievance which was processed and that he then completed the grievance process by submitting a properly-completed Step 2 grievance on the incident.

Plaintiff's complete failure of proof concerning the issue of exhaustion entitles defendant to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552.

## FAILURE TO STATE A CLAIM OF DELIBERATE INDIFFERENCE

The medical records presented by defendant show plaintiff was seen in the clinic by Nurse Wilson on August 23, 2009, the same day he claims he was denied medical care by the defendant. Nurse Wilson noted:

> mod amt serous drainage noted to clothes but when area gently manipulated there is no drainage from area. Reddened area is same size as last night. Area still does not feel that hard or enlarged at this time. There is a pin sized hole neat [near?] top that patient states has head [had?] lead removed previously when was shot. Also states that that is the area where he would get ingrown hairs in the past that would get infected. There is no redness or edema to this area. Attempt to get drainage not successful so was not able to obtain culture.

Nurse Wilson cleaned the area with wound cleaner and applied a dry dressing in case there was more drainage and gave plaintiff a cell pass. See Defendant's Exhibit B to Defendant's Motion for Summary Judgment, at B2.

The next day, August 24, 2009, plaintiff was seen by P.A. Fisk who noted plaintiff had a history of shrapnel to his lower back and buttocks which left him with multiple small, open skin defects prone to infection. She diagnosed an abscess to the left buttock and noted "bloody, prurulent [sic] drainage." Treatment consisted of Clindamycin, 300 mg. three times a day for

seven days, Bactrim twice a day for seven days, a clean pad daily for seven days, an inflatable donut for one month, and a refill for his antibiotic ointment. Plaintiff was also issued a pass excusing him from school for two weeks. See Defendant's Exhibit B to Defendant's Motion for Summary Judgment, at B3-B4.

Plaintiff has utterly failed to respond in any way to this evidence. The non-movant must go beyond the pleadings and designate specific facts in the record which show that there is a genuine issue for trial. *See Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552.

The evidence presented by defendant shows plaintiff was seen on August 23rd, the same day he alleges defendant HAGAN turned him away and that his condition was not very different from his condition on the 22nd. While there had been a moderate amount of drainage, the "[r]eddened area" was the same size as the previous night and no drainage was occurring at that time.

It took another twenty-four hours, or until August 24th for a bloody, purulent discharge to develop and, even then, there is no indication plaintiff's condition was serious. He was prescribed oral and topical antibiotics and was given pads to assist with cleanliness and a doughnut to assist his comfort. Assuming plaintiff's allegation that defendant HAGAN turned him away when he first went in to see a nurse on August 23rd, nothing in the medical record indicates plaintiff suffered any harm as a result of the delay. Critically, there is nothing in the record to show any worsening of plaintiff's condition on the 24th was due to the delay in receiving medical care on the 23rd. A delay which does not aggravate or exacerbate the plaintiff's medical complaint does not constitute a constitutional violation. *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988). A delay in medical care to a prisoner can constitute an Eighth

Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Whatever course plaintiff's condition may have taken later, plaintiff has utterly failed to show the delay occasioned by defendant HAGAN, if any, resulted in substantial harm. Therefore, plaintiff has failed to state a claim of deliberate indifference against defendant HAGAN.

## QUALIFIED IMMUNITY

Plaintiff's failure to meet the first prong of the qualified immunity inquiry, *i.e.*, whether the plaintiff has asserted a violation of any constitutional right at all, *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991), is fatal to any attempt to overcome defendant's entitlement to qualified immunity.

## CONCLUSION

For the reasons set forth above, it is clear that, drawing all reasonable inferences in favor of the nonmoving party, defendant HAGAN has shown there are no material issues of disputed fact which preclude entry of summary judgment in the instant cause. Federal Rule of Civil Procedure 56(c).

It is the opinion of the Magistrate Judge and RECOMMENDATION to the United States District Judge that defendant's motion for summary judgment be GRANTED AND THAT PLAINTIFF'S CLAIMS AGAINST DEFENDANT IN HER OFFICIAL CAPACITY BE DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION AND PLAINTIFF'S CLAIMS AGAINST DEFENDANT IN HER INDIVIDUAL CAPACITY BE DISMISSED WITH PREJUDICE AS BARRED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT IN FEDERAL COURT, 42 U.S.C. §1997e(a); FOR

FAILURE TO STATE A CLAIM OF DELIBERATE INDIFFERENCE AGAINST DEFENDANT HAGAN; AND FOR FAILURE TO OVERCOME DEFENDANT'S ENTITLEMENT TO QUALIFIED IMMUNITY.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of July, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).